**Marco T. ZULETA–ALDANA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney General, and the Immigration and Naturalization Service, Respondents.**

**No. 01–70947.**
**INS No. A70–646–710.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided July 3, 2002.

Before SCHROEDER, Chief Judge,
D.W. NELSON, and REINHARDT,
Circuit Judges.

## MEMORANDUM *

Marco T. Zuleta–Aldana, a native and citizen of Guatemala, challenges the Board of Immigration Appeals' ("BIA") denial of his applications for asylum and withholding of deportation. Zuleta–Aldana testified that after he spoke out against abuses in the National Police force, for which he worked, he was placed under house arrest, transferred to increasingly less desirable and more remote posts, and finally advised that the police planned to kill him. Zuleta–Aldana also testified that he knew his supervisors had the ability and the will to murder him because he had previously witnessed their murder of civilians, and he knew that members of the government had murdered his co-worker. The BIA did not question Zuleta–Aldana's credibility. Accepting his testimony as true, his statements would ordinarily be sufficient to establish a well-founded fear of persecution. See Argueta v. INS, 759 F.2d 1395, 1397 (9th Cir.1985) (holding that petitioner established well-founded fear as he testified that "death squad" threatened his life and he knew that group killed because it also killed his friend).

The BIA offered three reasons for rejecting Zuleta–Aldana's claim as not well-founded. First, the BIA cited the fact that Zuleta–Aldana remained in Guatemala for at least six months after being told of the death threat. However, the fact that Zuleta–Aldana remained in the country unharmed for a period of time does not in itself diminish the seriousness of the threat or of his well-founded fear. See Chanchavac v. INS, 207 F.3d 584, 591 (9th Cir.2000) (holding that four month stay in Guatemala after military broke in to his house does not make his fear any less well-founded); Ramirez Rivas v. INS, 899 F.2d 864, 871 (9th Cir.1990) (holding that fear of persecution does not diminish even though petitioner stayed a few months after the threat; in part because during those months she alternated houses in which she slept); Damaize–Job v. INS, 787 F.2d 1332, 1336 (9th Cir.1986) (holding that petitioner's ability to remain unharmed for 2 years in country from which he fled did not defeat claim that he faced a clear probability of harm if he returned). Here, Zuleta–Aldana testified that during the period he stayed in Guatemala after fleeing his post, he remained in hiding, moving back and forth between his aunt's house and his own, and he was unable to work. The fact that Zuleta–Aldana spent six months avoiding the National Police does not undermine his claim of well-founded fear.

The BIA also supported its denial by pointing out that Zuleta–Aldana's family remains in Guatemala without incident. However, although relevant, "the fact that [Zuleta–Aldana's] family is safe does not refute his claims of persecution." Ceballos–Castillo v. INS, 904 F.2d 519, 521 (9th Cir.1990) (internal quotation marks omitted). A finding of family safety may mitigate a well-founded fear if the family is

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

similarly situated to the applicant. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000). However, in this case, there is no evidence that Zuleta–Aldana's family was subject to a similar risk to that of Zuleta–Aldana individually. None of Zuleta–Aldana's family members spoke out against abuse and corruption in the National Police force, as did Zuleta–Aldana. *See Lim*, 224 F.3d at 935 (stating that there is no evidence to suggest that applicant's family is subject to similar risk or that if applicant's family is safe than he will be as well).

Third, the BIA stated that no-one has come looking for Zuleta–Aldana in the six years since he left his country. This is also not a sufficient reason to reject Zuleta–Aldana's claim of well-founded fear. If the police were aware that Zuleta–Aldana had departed the country, there would be no reason for them to look for him inside the country. In the absence of a contrary showing, we presume that the government is aware of its citizens' departures to other lands.

We conclude that Zuleta–Aldana has established a well-founded fear of persecution on account of political opinion and is therefore eligible for asylum. However, Zuleta–Aldana has not met the more stringent standard that would entitle him to withholding of deportation. *See Lim*, 224 F.3d at 937 (holding that petitioner must prove that persecution is "more likely than not" in order to qualify for withholding of deportation). Accordingly, we affirm the Board's decision on withholding of deportation, reverse its decision on the asylum claim, and remand for further proceedings consistent with this disposition.

DISMISSED IN PART, GRANTED IN PART, and REMANDED.